Wendy Holden thank you your honor I represent in this case Michael Coluccio Michael Coluccio is the victim of a fundamental miscarriage of justice he made no knowing involuntary waiver of his right to federal review and nor would there ever have been any strategic reason for him to do so under the facts of this case in this case what we're dealing with is a directed verdict on one of the critical elements of the offense that Mr. Coluccio was charged with he was charged based on a traffic accident where there was a death with negligent vehicular homicide while under the influence of alcohol in Montana that is defined as negligently causing the death of another human being while being in violation of Montana's DUI or DUI per se statutes. The court Montana courts have specifically held that DUI or DUI per se is separate and distinct from the element of negligence that both of those things have to exist which makes the definition of negligence critical. Negligence is defined as as a gross deviation from the standard of conduct that a reasonable person would observe in the accurate situation. However, the trial court in this case essentially directed a verdict on that issue. It told the jury that a person acts negligently by driving a motor vehicle after consuming alcohol and failing to yield the right of way to oncoming traffic. There was an admission in this case that Mr. Coluccio had had a couple of few beers before he had made a turn and a motorcycle had run into him coming down the other way. The driver of that motorcycle died. But absent, there was also evidence in this case, the rest of the evidence in this case from people who had followed him for many miles was that his driving was perfectly normal until he made that mistake. So there was absent that instruction that directed the verdict on the issue of negligence. There was no evidence of any gross deviation. What is the federal claim here? The federal claim is a violation of due process starting that the state's burden of proof on that element of negligence was taken away from the jury in violation of Winship and through the line of cases through Sandstrom that you can't relieve the state of its burden of proof on a critical element of an offense. So what defense existed after that instruction? There was no defense after that instruction. Directed verdict. Exactly. So I understand your due process argument on that, but I have more difficulty with understanding how the federal claim was clearly presented to the state Supreme Court because as I understand it, there was no argument that was explicit about federal constitutional law. And although it can be argued that a state statute with the same standard might give you a right, still I thought there was no argument to the state Supreme Court about state constitutional standards. What the issues that were raised by Coluccio's public defender were first that and how it was phrased in the appeal to the Montana Supreme Court was that the state was relieved of its burden of proof on that element of the offense. He didn't use the words due process, but he did use those words. And implicit in those words, absolutely implicit in those words is the due process requirement that the state prove each and every element beyond your reasonable doubt under both state and federal law. So even without those words, and do I wish that I absolutely wish that I had better facts from Mr. Coluccio, but you can't say that the state was relieved of its burden of proof without saying he was denied due process. Those two things are part and parcel of one another. And it's raised under both the state and federal constitution. And the state in its briefing essentially says, well, you might leave out the federal basis of it for some possible strategic reason could there be in this case for not raising the rule of Sandstrom, not raising the rule of Winship. There just couldn't be one. And had Mr. Coluccio had any idea, had he not been essentially an illiterate person at the mercy of his public defender and at the mercy of the system, he has tried all the way through to invoke his rights to the best of his ability. And it just, like I say, when you use those words, the state was relieved of its burden of proving an essential element of the offense, you are saying he was deprived of due process. Your position is that by telling the state Supreme Court that the state was relieved of its burden of proof, that that fairly presents the federal constitutional claim. Yes. And I'm, my basis for that federal constitution, for that window of opportunity to do that is the United States Supreme Court decision in Baldwin versus Reese, where they left open the question of whether you have to cite to the federal constitution if the state constitutional issue and the federal constitutional issue are treated identically. And the case law in Montana is that Montana courts should apply Winship and Sandstrom just exactly the way the federal courts do. And the law in Montana, as conceded by the state in this case, is that the sufficiency of the evidence is treated exactly the same way as it is in the federal courts under Jackson versus Virginia. I'm sorry. I said thank you. Okay. Did you want to save rebuttal time? Yes, Your Honor. So I will, I will do that now. Thank you. Bottom line is you're saying that it was just a technicality and he lost his right to challenge federally this issue based on a technicality he forgot to use or did not know that he should have thrown in the word federal. If he just would have used the words due process rather than, rather than citing the claim. And, you know, that brings up something that I was thinking about last night as I was working on this. When I prepare a federal petition for rid of habeas corpus, when I did the amended petition in this case, I don't get to cite law. All I get to do is tell about the facts and that's sufficient to raise the issue. That's essentially what his counsel did at the Montana Supreme Court. The same thing, saying what happened that wasn't fair. Thank you. Good morning. May it please the court. Mark Fowler, Montana Attorney General's office from Helena, Montana. Need to address a few things in rebuttal to what Ms. Holton said. The exact words relieved, that the state was relieved of his birth, those were not used. In the excerpts of record, the appellant's brief that was submitted to the Montana Supreme Court is available to you. And at page 13 of that brief, the argument was that the prejudice to Coluccio under the state law claim was that the state's burden was reduced and that it's, Coluccio's defense was taken away. Choice of words is very critical for purposes of Winship and we're talking about impermissible presumptions that can be made by a jury. In Santrum particularly, the words presumed were used for a mandatory and impermissible type of instruction. The relieving of the, reducing of burden, it does not violate the Constitution. In Montana versus Egelhoff, and talking about the, the availability of the defense of involuntary or voluntary intoxication, the US Supreme Court said the mere fact that a state law reduces but not necessarily eliminates the state's burden is not violative of the due process clause of the Constitution. But, but the state had really no burden left after the, everything he admitted the judge said constituted negligence. Your Honor, the, the, the Coluccio did quite, did have a, a, a defense left. In fact, argued the fact that this was simple negligence. It wasn't a, it wasn't a gross deviation from the standard of care of an ordinary person in the same circumstances. This was the battle at trial. There was a very vigorous defense in that regard. So that the fact that the claim that the defense was taken away or that the judge's instruction was tantamount to a directive verdict is, is just not borne out by this record, Your Honor. So they were arguing that the alcohol was not a factor. The, the, the argument was that the state did not prove that Coluccio was impaired. Coluccio did say that he had three to four beers and even on the standing cross examination stated that drinking alcohol does lead to impairment, depends on how much you've had. So there was that sort of concession. But he simply said that he wasn't, he was not impaired to a degree under the state's statutory definition of what driving an influence means. So there was still that defense that he was impaired. I would also take exception to the argument that all that Coluccio had to do in the state appellate's brief was, was claim due process. No, no. The precedent of this court establishes you can't simply throw out terms, broad based terms from the constitutions as a due process. You have to specifically state that you are proceeding in state court, not just under the state claim. That may be identical according to the precedent of this court. That's not sufficient that the standard under federal and state are indistinguishable. You have to easily indicate, as the U.S. Supreme Court stated in Duncan v. Henry in 1995, easily indicate, I am also proceeding under the 14th Amendment or I'm proceeding under Jackson v. Virginia or I'm proceeding under a clear theory that directly invokes, for instance, numerous types of due process related claims that involved your instructions. Francis v. Franklin from 1995, Sandstrom v. Montana, these were, could be easily indicated. They weren't. In fact, what was presented to the state court was a clear indication that they were only pursuing, Coluccio was only pursuing a state law claim. It's steeped in state law. So... Well, help me with this. What did the last reason decision of the Montana court say with respect to the argument that was presented? The last reason decision is the Montana Supreme Court decision on direct appeal in which they are in the first claim, your instruction, deciding under state law that no, indeed, the trial judge did not mislead the jury. The standard in state law is whether or not your instructions as a whole fully and fairly instruct the jury on the state law. That was the determination that the Montana Supreme Court was grappling with. It was not grappling with this underlying idea now being presented in federal habeas that there's a possible Sandstrom or Winship error, Winship error. The argument or the determination as to the second claim of sufficiency of the evidence went to the state law claim of essentially abusive discretion under the state law governing motions to dismiss based upon insufficient evidence. The state has not, as my opposing counsel stated, conceded that the sufficiency of the evidence argument is identical and was also or impliedly determined as a federal law claim. Never conceded that. We did state in a brief below in the federal court that assuming arguendo that Calucio had alerted the state court to the federal issue, then the determination under EDPA, if you're following under the EDPA and its deferential standards, that there is an identical type of analysis. And we would also admit for purposes here where the Calucio did not alert the state court that the Montana Supreme Court since 1981 has essentially used identical language under the sufficiency claim since Jackson v. Virginia in 1979. That's 30 years of litigation, Your Honor. None of the cases that were cited in the state appellate brief here were all to state cases. Those state cases do not decide the federal law issue under Jackson v. Virginia. They're stating deciding state law. So this is not a case that presents itself as a vehicle to modify the precedent of this court about the need to be specific and explicit. Stating and alerting the court up front to the state court that there is a federal law issue or a federal question involved. Also, I would like to address this argument that there was no strategic reason for counsel not to raise the federal law issue. Well, of course there was. And Peterson v. Lampert in 1999 established his precedent that an appellant's counsel can sandbag essentially the state court by simply arguing and utilizing the cardinal principle of appellate advocacy and winning out the issues that are good and ones that are not so good. Stating first a state law claim, which in Montana has a greater weight, according to the point of the Montana Supreme Court, their state constitutional grounds or state constitutional analysis has greater weight, in their view, than the federal claim. So why would an appellate advocate only claim the state claim? Because it has more power and persuasive force. And there would be no need to. It happens all the time in raising arguments in the appellate realm. And that case I cited, Peterson, is directly on point, that an advocate in the state court might, for strategic reasons, and this I think can be imputed here in this case to the appellate advocate, might just raise state law claim. More so, Your Honors, because in the third issue raised on the state appeal regarding restitution, which is not an issue here in habeas, if you look at the brief in the state court on the restitution, arguing there was insufficient evidence to sustain a $1.4 million restitution award, the advocate, the appellate's attorney, quoted the state constitution due process clause. And with the presence of that sort of reference, it indicates and imputes that he was aware that he could have also raised a state constitutional claim in regards to the jury instruction claim and also sufficient to the evidence. And that was not done. So this is a strong case to indicate or confirm the standing precedent of this that a habeas petitioner who is going through the state court can easily indicate readily the federal nature of the claim before coming and knocking on the federal courthouse door and petitioning for federal habeas. It is in the interest of economy, improved efficiency, and administration of justice for all parties, the federal bench and the state bench and the state bar, to deal with issues when they come through to habeas, knowing what exactly this petitioner or any other petitioner has raised. Since it's so easily indicated, it's not a high price to bear to have the sort of standard that the court now employs about heightened pleading requirements, considering all that a petitioner would gain by preserving the issue, by exhausting the issue, and then coming for habeas and invoking the habeas authority of this court to look at his claim. I'm sorry. There's not any more questions, Your Honors. Thank you very much. Okay. Thank you, Mr. Feldman. Okay. Ms. Holden. Thank you, Your Honor. Three points. The instruction that we're discussing here was so important to the prosecution's case that it made a blow-up of that instruction and used it in its closing argument. That's how important it was. It was to them. Second, regarding Mr. Fowler's argument that this State did not concede that Montana treats sufficiency of the evidence claims exactly the way that the federal courts do in Jackson v. Virginia, I would refer the Court to Document 18 on the criminal docket below on page 20, where the State's counsel said, The test applied by the Montana Supreme Court with respect to the sufficiency of the evidence in Coluccio's case was identical to that established by the United States Supreme Court in Jackson v. Virginia. Is your client's claim that there was not sufficient evidence under Jackson, or is it that there was a violation of the burden of proof requirements under Winship? Both. The first issue, the jury instruction issue, took away the issue of negligence, which was a critical element. But other than that jury instruction that basically made it illegal to drink and drive in Montana, which is not the case. I do a lot of DUI work in Montana, and the jury, I talk to the officers all the time, not illegal to have a drink of alcohol and get behind the wheel of a car in Montana, is it? No, it's not. But that's what this instruction tells the jury. Could you give me a peek ahead? I have a little trouble with this case. What you want, the relief you want now is to have this sent back to the district court. To consider the substantive issues, yes. Substantive issues. Now, let me ask you this. How are you going to argue that the Supreme Court of Montana violated federal, clearly established federal law? The same way that counsel did in Sandstrom v. Montana, that the court took the issue away from the jury and reduced the burden of proof by telling them that this act is this. But the Supreme Court of Montana, in its opinion, said, do you agree, said that, well, as a whole, the jury was adequately instructed? The Montana Supreme Court did say that. It never said anything about the burden of proof. It did not. It said, it did say that the jury was adequately instructed. It said that the jury was adequately instructed, though, because the judge also defined, also talked about gross deviation. But the only way that negligence was factually declined for the jury was that this act equaled negligence. Okay. Okay.  Thank you, Your Honor. I think Coach O will be submitted now. Judge Schroeder, is it okay with you if we take a break now? Sure. The court will recess for 10 to 15 minutes. All rise. This court stands in recess. Thank you.
judges: Beistline, Schroeder, Gould